**HYDE & SWIGART, APC**
Yana A. Hart, Esq. (SBN: 306499)
yana@westcoastlitigation.com
San Diego, CA 92108
Telephone: (619) 233-7770
Facsimile: (619) 297-1022

**LAW OFFICE OF DANIEL G. SHAY**
Daniel G. Shay (SBN: 250548)
danielshay@tcpafdcpa.com
2221 Camino Del Rio South, Suite 308
San Diego, CA 92108
Telephone: (619) 222-7429
Facsimile: (866) 431-3292

*Attorneys for Plaintiff,*
Charles Haeussinger

HYDE & SWIGART
Consumer Protection Attorneys

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| **CHARLES HAEUSSINGER, individually and behalf of all others similarly situated,**<br><br>**Plaintiff,**<br><br>**v.**<br><br>**AMERICAN SELECT INSURANCE COMPANY,**<br><br>**Defendant.** | **Case No.:** '19CV1471 WQHNLS<br><br>**CLASS ACTION COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF PURSUANT TO THE TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. § 227 ET SEQ.**<br><br>**JURY TRIAL DEMANDED** |

HYDE & SWIGART
Consumer Protection Attorneys

## Introduction

1. Charles Haeussinger ("Plaintiff"), individually and on behalf of all others similarly situated (the "Class"), brings this action for damages and injunctive relief against American Select Insurance Company ("Defendant"), and its present, former, or future direct and indirect parent companies, subsidiaries, affiliates, agents, related entities for unauthorized telemarketing calls made to Plaintiff and Class Members without obtaining prior express written consent in violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.*, ("TCPA").

2. Defendant negligently and/or willfully or knowingly contacted Plaintiff on Plaintiff's cellular telephone, in violation of the TCPA, thereby invading Plaintiff's privacy. Plaintiff alleges as follows upon personal knowledge as to himself and his own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by his attorney.

3. The TCPA was designed to prevent calls like the ones described within this complaint, and to protect the privacy of citizens like Plaintiff. "Voluminous consumer complaints about abuses of telephone technology—for example, computerized calls dispatched to private homes—prompted Congress to pass the TCPA." *Mims v. Arrow Fin. Servs., LLC,* 132 S. Ct. 740, 744 (2012).

4. In enacting the TCPA, Congress intended to give consumers a choice as to how creditors and telemarketers may call them, and made specific findings that "[t]echnologies that might allow consumers to avoid receiving such calls are not universally available, are costly, are unlikely to be enforced, or place an inordinate burden on the consumer." TCPA, Pub.L. No. 102-243, § 11. To this end, Congress found that:

> [b]anning such automated or prerecorded telephone calls to the home, except when the receiving party consents to receiving the call or when such calls are necessary in an

> emergency situation affecting the health and safety of the consumer, is the only effective means of protecting telephone consumers from this nuisance and privacy invasion.

*Id*. at § 12; *see also Martin v. Leading Edge Recovery Solutions, LLC,* 2012 WL 3292838, at *4 (N.D. Ill. Aug. 10, 2012) (citing Congressional findings on TCPA's purpose).

5. Congress also specifically found that "the evidence presented to the Congress indicates that automated or prerecorded calls are a nuisance and an invasion of privacy, regardless of the type of call. . . ." *Id*. at §§ 12-13. *See also, Mims,* 132 S. Ct. at 744.

6. As Judge Easterbrook of the Seventh Circuit explained in a TCPA case regarding calls similar to this one:

> The Telephone Consumer Protection Act […] is well known for its provisions limiting junk-fax transmissions. A less litigated part of the Act curtails the use of automated dialers and prerecorded messages to cell phones, whose subscribers often are billed by the minute as soon as the call is answered – and routing a call to voicemail counts as answering the call. An automated call to a landline phone can be an annoyance; an automated call to a cell phone adds expense to annoyance.

*Soppet v. Enhanced Recovery Co., LLC*, 679 F.3d 637, 638 (7th Cir. 2012).

7. Plaintiff brings this case as a class action seeking damages for himself and all others similarly situated.

**Jurisdiction & Venue**

8. This Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331 because this case arises out of violation of federal law.

9. Because Defendant conducts business within the State of California, personal jurisdiction is established. In addition, Defendant intentionally and voluntarily

HYDE & SWIGART Consumer Protection Attorneys

directed its phone calls at Plaintiff, a California resident, and this action arises from this contact with the forum state.

10. Venue is proper in the United States District Court for the Southern District of California pursuant to 28 U.S.C. § 1391 for the following reasons: (i) at all material times hereto, Plaintiff resided in the County of San Diego, State of California which is within this judicial district; (ii) the conduct complained of herein occurred within this judicial district; and (iii)Defendant conducted business within this judicial district at all times relevant.

**Parties & Definitions**

11. Plaintiff is, and at all times mentioned herein was, a natural person and resident of the County of San Diego, State of California, in this judicial district.

12. Defendant is, and at all times mentioned herein was, an Ohio corporation located in City of Westfield Center, State of Ohio, which regularly conducts business within the State of California.

13. Defendant is, and at all times mentioned herein was, a "person" as defined by 47 U.S.C. § 153 (39).

**Factual Allegations**

14. Defendant regularly makes autodialed telemarketing telephone calls to consumers in order to market products including car insurance.

15. At no point did Plaintiff inquire Defendant about car insurance or provide authorization to receive autodialed marketing calls on his cellular telephone from Defendant.

16. Nonetheless, between May 6, 2019 through May 13, 2019, Defendant initiated repeated marketing telephone calls to Plaintiff's cellular telephone using an automatic telephone dialing system ("ATDS") as defined by 47 U.S.C. § 227(a)(1).

HYDE & SWIGART
Consumer Protection Attorneys

17. On or around, May 8, 2019 at approximately 1:50 p.m., Defendant made an outbound call to Plaintiff's cellular telephone from the phone number (619) 240-8719.
18. During the telephonic conversation on or about May 8, 2019, Defendant's representative, agent, or employee identified his/herself as American Select. Defendant, through its representative, agent, or employee, requested a "Jeremy Furr" to follow-up on a supposed automobile insurance inquiry. Plaintiff responded that he was not "Jeremy" and expressly told Defendant to never call Plaintiff's phone number again.
19. Despite Plaintiff's unequivocal, explicit admonishment, on May 9, 2019, Defendant continued to call Plaintiff, soliciting unwanted automobile insurance.
20. Again, on May 10, 2019, at both 7:06 a.m. and 11:48 a.m. Defendant called Plaintiff from the telephone number (619) 240-8725.
21. During the May 10, 2019 call on or around 11:48 a.m., Plaintiff answered the call and demanded Defendant "never call [his] cell phone again."
22. Both times Plaintiff answered the telephone calls from Defendant, there was a noticeable delay prior to an agent introducing themselves indicating the use of an automated telephone dialing system ("ATDS"), as defined by 47 U.S.C. § 227(a)(1) and prohibited by 47 U.S.C. § 227(b)(1)(A).
23. Between May 6, 2019 through May 10, 2019, Defendant called Plaintiff at least 8 (eight) times.
24. Plaintiff did not give "prior express consent" to receive calls from Defendant or an ATDS; if Plaintiff ever unknowingly consented to such calls, he expressly revoked that consent through his reasonable, verbal request made on May 8, 2019.
25. Defendant's call was not for the purpose of an emergency.

HYDE & SWIGART
Consumer Protection Attorneys

26. Upon information and belief, the ATDS used by Defendant has the capacity to store or produce telephone numbers to be called, using a random or sequential number generator.
27. The ATDS used by Defendant also has the capacity to, and does, call telephone numbers from a list of databases of telephone numbers automatically and without human intervention.
28. The telephone number Defendant called was assigned to a cellular telephone service for which Plaintiff incurred a charge for incoming calls pursuant to 47 U.S.C. § 227(b)(1).
29. These telephone calls made by Defendant were in violation of 47 U.S.C. § 227(b)(1). Further, these telephone calls invaded Plaintiff's privacy.
30. As a result thereof, Plaintiff has been damaged as set further in the Prayer for Relief herein.
31. Defendant regularly makes autodialed telephone calls to consumers in order to sell insurance coverage.
32. At no point did Plaintiff consent to receiving autodialed calls on his cellular telephone from Defendant.
33. Defendant knew, or should have known, that they were making unauthorized autodialed telephone calls to consumers.
34. Defendant's calls forced Plaintiff and other similarly situated class members to live without the utility of their cellular phones by occupying their cellular telephone with one or more unwanted calls, causing a nuisance and lost time.
35. Through the aforementioned conduct, Defendant or their agent(s) have violated 47 U.S.C. § 227(b)(1)(A)(iii).

**Standing**

36. Standing is proper under Article III of the Constitution of the United States of America because Plaintiff's claims state:
    a. a valid injury in fact;

HYDE & SWIGART
Consumer Protection Attorneys

b. which is traceable to the conduct of Defendant;

c. and is likely to be redressed by a favorable judicial decision.

d. *See Spokeo, Inc. v. Robins,* 136 S. Ct. 1540, 1549 (2016); *Lujan v. Defenders of Wildlife,* 504 U.S. 555, 560 (1992).

37. In order to meet the standard laid out in *Spokeo* and *Lujan*, Plaintiff must clearly allege facts demonstrating all three prongs above.

**A. *The "Injury in Fact" Prong***

38. Plaintiff's injury in fact must be both "concrete" and "particularized" in order to satisfy the requirements of Article III of the Constitution, as laid out in *Spokeo. Id.*

39. For an injury to be "concrete" it must be a *de facto* injury, meaning that it actually exists. *Soppet v. Enhanced Recovery Co., LLC,* 679 F.3d 637, 638 (7th Cir. 2012). In this case, Plaintiff was called on his cellular telephone by Defendant, who utilized an ATDS. Such calls are a nuisance, an invasion of privacy, and an expense to Plaintiff. All these injuries are concrete and *de facto.*

40. For an injury to be "particularized" means that the injury must "affect the Plaintiff in a personal and individual way." *Spokeo,* 578 U.S. at 1548. In this case, Defendant invaded Plaintiff's privacy and peace by calling his cellular phone, and Defendant did this with the use of an ATDS. Moreover, Defendant made these calls at Plaintiff's expense: Plaintiff must now pay for Defendant's telephone calls to his cellular phone. All of these injuries are particularized and specific to Plaintiff and will be the same injuries suffered by each member of the putative class.

**B. *The "Traceable to the Conduct of Defendant" Prong***

41. The second prong required to establish standing at the pleadings phase is Plaintiff must allege facts to show that its injuries are traceable to the conduct of the Defendant.

HYDE & SWIGART
Consumer Protection Attorneys

42. Here, the phone calls described above are explicitly linked to Defendant as Defendant's representative expressly confirmed he/she was calling on behalf of Defendant. Therefore, Plaintiff has alleged facts that show that his injuries are traceable to the conduct of Defendant.

***C. The "Injury is Likely to be Redressed by a Favorable Judicial Opinion" Prong***

43. The third prong to establish standing at the pleading phase requires Plaintiff to allege facts to show that the injury is likely to be redressed by a favorable judicial opinion.

44. In the present case, Plaintiff's Prayers for Relief include a request for damages for each call made by Defendant, as authorized by statute in 47 U.S.C. § 227. The statutory damages were set by Congress and specifically redress the financial damages suffered by Plaintiff and the members of the putative class.

45. Furthermore, Plaintiff's Prayers for Relief request injunctive relief to restrain Defendant from the alleged abusive practices in the future. The award of monetary damages and the order for injunctive relief redress the injuries of the past and prevent further injury in the future.

46. Because all standing requirements of Article III of the U.S. Constitution have been met, as laid out in *Spokeo*, Plaintiff has standing to sue Defendant on the stated claims.

**Class Action Allegations**

47. Plaintiff brings this lawsuit as a class action on behalf of himself and on behalf of all others similarly situated (the "Class").

48. Plaintiff represents, and is a member of the Class, consisting of:

> All persons within the United States who received any telephone call from American Select Insurance Company or their agent/s and/or employee/s, not sent for emergency purposes, to said person's cellular telephone made through the use of any ATDS and/or with an artificial or prerecorded voice within the four years prior to the filing of this Complaint.

HYDE & SWIGART
Consumer Protection Attorneys

49. Excluded from the class is: (1) Defendant, any entity or division in which Defendant has a controlling interest, and its legal representatives, officer, directors, assigns, and successors; (2) the Judge to this case is assigned and the Judge's staff: and (3) those persons who have suffered personal injuries as a result of the facts alleged herein.

50. Plaintiff reserves the right to redefine the classes as appropriate based on discovery and specific theories of liability.

51. This suit seeks only damages and injunctive relief for recovery of economic injury on behalf of the Class Members, and it expressly is not intended to request any recovery for personal injury claims related thereto. Plaintiff reserves the right to expand the Class definition to seek recovery on behalf of additional personas as warranted as facts are learned in further investigation and discovery.

52. Numerosity: The membership of the class is currently unknown to Plaintiff at this time; however, given that, on information and belief, Defendant made thousands of unauthorized calls to Class Members using an ATDS during the class period, and it is reasonable to presume that the members of the Class are so numerous that joinder of all members is impracticable. The disposition of Plaintiff's claims in a class action will provide substantial benefits to the parties and the Court. Class Members can be identified through Defendant's records or Defendant's agents' records.

53. Commonality: There are common questions of law and fact as to Class Members that predominate over questions affecting only individual members, including, but not limited to:

- Whether, within four years prior to the filing of this Complaint, Defendant or its agents initiated any telephonic communications to Class Members (other than a message made for emergency purposes or

HYDE & SWIGART Consumer Protection Attorneys

made with the prior express consent of the called party) using any ATDS to any telephonic number assigned to a cellular phone service;

- Whether Defendant can meet its burden of showing Defendant obtained prior express written consent;
- Whether Defendant's conduct was knowing and/or willful;
- Whether Plaintiff and the Class Members were damaged thereby, and the extent of damages for such violation; and
- Whether Defendant and its agents should be enjoined from engaging in such conduct in the future.

54. Typicality: As a person that received at least one telephonic communication from Defendant's ATDS without prior express written consent, Plaintiff is asserting claims that are typical of the Class. Plaintiff will fairly and adequately represent and protect the interests of the Class in that Plaintiff has no interests antagonistic to any member of the Class.

55. Plaintiff and members of the Class were harmed by the acts of Defendant in at least the following ways: Defendant illegally contacted Plaintiff and the Class Members via their cellular telephones for telemarketing purposes by using an ATDS, thereby causing Plaintiff and the Class Members to incur certain cellular telephone charges or reduce cellular telephone time for which Plaintiff and the Class Members previously paid. Plaintiff and the Class Members were damaged thereby.

56. Plaintiff and the Class Members have all suffered irreparable harm as a result of Defendant's unlawful and wrongful conduct. Absent a class action, Class Members will continue to face the potential for irreparable harm. In addition, these violations of law will be allowed to proceed without remedy and Defendant will likely continue such illegal conduct. Because of the size of the individual Class Members' claims, few, if any, Class Members could afford to seek legal redress for the wrongs complained of herein.

HYDE & SWIGART Consumer Protection Attorneys

57. Adequacy: Plaintiff is qualified to, and will, fairly and adequately protect the interests of each Class Member with whom he is similarly situated, as demonstrated herein. Plaintiff acknowledges that he has an obligation to make known to the Court any relationships, conflicts, or differences with any Class Member. Plaintiff's attorneys, the proposed class counsel, are versed in the rules governing class action discovery, certification, and settlement. In addition, the proposed class counsel is experienced in handling claims involving consumer actions such as the Telephone Consumer Protection Act. Plaintiff has incurred, and throughout the duration of this action, will continue to incur costs and attorney's fees that have been, are, and will be, necessarily expended for the prosecution of this action for the substantial benefit of each Class Member.

58. Predominance: Questions of law or fact common to the Class Members predominate over any questions affecting only individual members of the Class. The elements of the legal claims brought by Plaintiff and Class Members are capable to prove at trial through evidence that is common to the Class Members rather than individual to its members.

59. Superiority: A class action is the superior method for the fair and efficient adjudication of this controversy because:

a. Class-wide damages are essential to induce Defendant to comply with federal law.

b. The relatively small size of the individual Class Members' claims, it is likely that only a few Class Members could afford to seek legal redress for Defendant's misconduct.

c. Management of these claims is likely to present significantly fewer difficulties than those presented in many class claims.

HYDE & SWIGART
Consumer Protection Attorneys

d. Absent a class action, most Class Members would likely find the cost of litigating their claims prohibitively high and would therefore have no effective remedy at law.

e. Class action treatment is manageable because it will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of effort and expense that numerous individual actions would endanger.

f. Absent a class action, Class Members will continue to incur damages, and Defendant's misconduct will continue without remedy.

60. The Class may also be certified because:

- The prosecution of separate actions by individual Class Members would create a risk of inconsistent or varying adjudication with respect to individual Class Members, which would establish incompatible standards of conduct for Defendant;
- The prosecution of separate actions by individual Class Members would create a risk of adjudications with respect to them that would, as a practical matter, be dispositive of the interests of other Class Members not parties to the adjudication, or substantially impair or impede their ability to protect their interests; and
- Defendant has acted or refused to act on grounds generally applicable to the Class Members, thereby making appropriate final and injunctive relief with respect to the members of the Class as a whole.

///

///

///

HYDE & SWIGART Consumer Protection Attorneys

HYDE & SWIGART Consumer Protection Attorneys

**First Cause of Action**

**Negligent Violations of the TCPA**

**47 U.S.C. § 227 et seq.**

61. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

62. The foregoing acts and omissions of Defendant constitutes numerous and multiple negligent violations of the TCPA, including but not limited to each and every one of the above-cited provisions of 47 U.S.C. § 227, *et seq*.

63. As a result of Defendant's negligent violations of 47 U.S.C. § 227, *et seq*., Plaintiff and the Class Members are entitled to an award of $500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B).

64. Plaintiff and the Class Members are also entitled to and seek injunctive relief prohibiting such conduct in the future.

**Second Cause of Action**

**Knowing and/or Willful Violations of the TCPA**

**47 U.S.C. § 227 Et Seq.**

65. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

66. The foregoing acts and omissions of Defendant constitutes numerous and multiple knowing and/or willful violations of the TCPA, including but not limited to each and every one of the above-cited provisions of 47 U.S.C. § 227, *et seq*.

67. As a result of Defendant's knowing and/or willful violations of 47 U.S.C. § 227, *et seq*., Plaintiff and the Class Members are entitled to an award of $1,500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

68. Plaintiff and the Class Members are also entitled to and seek injunctive relief prohibiting such conduct in the future.

**Prayer For Relief**

**WHEREFORE**, Plaintiff and the Class Members pray judgment be entered against Defendant, and be awarded damages from Defendant, as follows:

- Certify the Class as requested herein;
- Appoint Plaintiff to serve as the Class Representative in this matter;
- Appoint Plaintiff's Counsel as Class Counsel in this matter; and
- Provide such further relief as may be just and proper.

In addition, Plaintiff and the Class members pray for further judgment as follows against Defendant:

**FIRST CAUSE OF ACTION FOR NEGLIGENT VIOLATION OF THE TCPA, 47 U.S.C. § 227 ET SEQ.**

•As a result of Defendant's negligent violations of 47 U.S.C. § 227(b)(1), Plaintiff seeks for himself and each Class member $500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B);

•Pursuant to 47 U.S.C. § 227(b)(3)(A), injunctive relief prohibiting such conduct in the future; and

•Any other relief the Court may deem just and proper.

**SECOND CAUSE OF ACTION FOR KNOWING AND/OR WILLFUL VIOLATION OF THE TCPA, 47 U.S.C. § 227 ET SEQ.**

•As a result of Defendant's willful and/or knowing violations of 47 U.S.C. § 227(b)(1), Plaintiff seeks for himself and each Class member treble damages, as provided by statute, up to $1,500.00 for each and

HYDE & SWIGART
Consumer Protection Attorneys

every violation, pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C);

- Pursuant to 47 U.S.C. § 227(b)(3)(A), injunctive relief prohibiting such conduct in the future; and
- Any other relief the Court may deem just and proper.

**Trial By Jury**

Pursuant to the Seventh Amendment to the Constitution of the United States of America, Plaintiff and Class Members are entitled to, and demand, a trial by jury.

Dated: August 6, 2019

Respectfully submitted,

**Hyde & Swigart, APC**

By: *s/ Yana A. Hart*

Yana A. Hart, Esq.
yana@westcoastlitigation.com
Attorney For Plaintiff

HYDE & SWIGART
Consumer Protection Attorneys